# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JONATHAN SCHREYER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0072**  (BOR Appeal No. 2046157)
                    (Claim No. 2004026436)

**CITY OF WHEELING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan Schreyer, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Wheeling, by Aimee L. Morgan-Stern, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2011, in which the Board affirmed a June 24, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed four claims administrator decisions. On November 2, 2010, the claims administrator denied authorization for a CT myelogram of Mr. Schreyer's lumbosacral region. On January 17, 2011, the claims administrator denied a request for a discogram and CT scan post discogram. On January 24, 2011, the claims administrator denied authorization for the medications Neurotin, Fentanyl, and Robaxin. On January 26, 2011, the claims administrator denied authorization for a repeat CT myelogram. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 2, 2003, Mr. Schreyer was involved in a motor vehicle accident in the course of and resulting from his employment as a utility worker for the City of Wheeling. The accident caused several conditions in the lumbar and cervical regions of his spine which were

1

held compensable. Mr. Schreyer received various treatments and services based on the claim but throughout the course of his treatment, diagnostic testing revealed degenerative changes at several points on Mr. Schreyer's spine. On November 2, 2010, the claims administrator denied a request from Dr. Hoefner for a CT myelogram of Mr. Schreyer's lumbosacral region. Following this rejection, Mr. Schreyer was evaluated by Dr. Werntz, who found that he had well documented degenerative changes of the lumbar spine including multiple disc levels and facet joints. Dr. Werntz recommended against additional pain control measures and stated that there was no evidence that a discogram would be beneficial. In an addendum report Dr. Werntz opined that Mr. Schreyer's ongoing pain was more related to his degenerative condition than his compensable conditions. On January 17, 2011, following Dr. Werntz's report, the claims administrator denied a request from Dr. Gabriel for a discogram and CT scan post discogram. The claims administrator then denied a request for the medications Neurontin, Fentanyl, and Robaxin, on January 24, 2011, based on Dr. Werntz's report. Finally on January 26, 2011, the claims administrator denied a request for a repeat CT myelogram. The basis for all four denials was that the various requests were related to non-compensable degenerative disc disease and not compensable conditions of the claim. On June 24, 2011, the Office of Judges then affirmed all four of the claims administrator's decisions. On December 21, 2011, the Board of Review affirmed the Office of Judges' Order, leading Mr. Schreyer to appeal.

The Office of Judges concluded that the requested lumbosacral CT scan, discogram, and medications were related to Mr. Schreyer's degenerative condition. The Office of Judges concluded that this condition was not part of the compensable injury. The Office of Judges found that Mr. Schreyer's degenerative condition was well documented. The Office of Judges found that this condition was even acknowledged by Dr. Gabriel, Mr. Schreyer's treating pain management physician. The Office of Judges also relied on the independent medical evaluation of Dr. Werntz, who found that Mr. Schreyer's ongoing back pain was related to degenerative disc disease. Since the Office of Judges found that Mr. Schreyer's current symptoms were related to degenerative conditions, which were not part of his compensable injury, it found that the requested treatments should not be authorized. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the finding of the Office of Judges. Mr. Schreyer has not demonstrated that the requested lumbosacral CT scan, discogram, and medications are medically necessary and reasonably related to any of his compensable conditions. The evidence in the record demonstrates that Mr. Schreyer's current symptoms and his need for the requested treatments are related to his degenerative disc disease which is not a compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II